**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **EDWARD DeSHAN SMITH** | § | |
| | § | |
| **V.** | § | **A-11-CA-330 SS** |
| | § | |
| **BASTROP MEDICAL CLINIC,** | § | |
| **P.A., Inc., ET AL.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed on April 22, 2011 (Clerk's Doc. No. 1) , Plaintiff's Request for Appointment of Counsel (Clerk's Doc. No. 2), and Plaintiff's Motion to Transfer Venue (Clerk's Doc. No. 7). The District Court referred the above-motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. Motion for *In Forma Pauperis* Status

Plaintiff Edward DeShan Smith ("Smith"), who is proceeding *pro se*, filed an application to Proceed in District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915(a)(1). Based upon Smith's Financial Affidavit, the Court finds that he is indigent. Accordingly, Smith's Application to Proceed in District Court Without Prepaying Fees or Costs (Clerk's Doc. No. 1) is HEREBY GRANTED and he will be permitted to proceed *in forma pauperis* in this case. Because Smith has been granted leave to proceed *in forma pauperis*, the Court is required by Standing Order to review his Complaint under 28 U.S.C. § 1915(e)(2)(B).

Under § 1915(e)(2)(B), "the court shall dismiss the case at any time" if it determines that the case is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a immune defendant. 28 U.S.C. § 1915(e)(2)(B). A case is "frivolous" under § 1915 if it lacks an arguable basis in law or fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A complaint is factually frivolous if "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Under § 1915(e)(2)(B), the Court applies the same standard as under Rule 12(b)(6) to determine whether the complaint states a claim for relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 1950.

When reviewing a plaintiff's complaint under § 1915, the court must construe the plaintiff's allegations as liberally as possible. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). With these standards in mind, the Court will now review Smith's Complaint under § 1915(e)(2)(B).

## II. Review under § 1915(e)(2)(B)

This is the fifth *pro se* lawsuit that Smith, a resident of Dime Box, Texas, has filed in the Austin Division of the Western District of Texas since February 16, 2011. Each of the preceding four lawsuits filed in this Court by Smith were found to either be frivolous or failed to state a claim upon which relief may be granted under § 1915(e)(2)(B). *See Smith v. Brookshire Brothers, et al.*, No. 1:11-CA-139-SS, at 2 (Clerk's Doc. No. 9) (W.D. Tex. filed Feb. 23, 2011) (Order dismissing four of Smith's recent suits). As a result of Smith's frivolous filings, the District Court ordered that he may not file any new cases in the Western District of Texas without first seeking the Court's leave. *See id.* The instant case was filed three weeks before the above order was signed. As such, it will be the last case this Court considers without Smith first seeking leave of the Court.

### A.    The Court recommends that Smith's request to transfer venue to the Eastern District of Texas should be denied.

Before considering the merits of the underlying suit, the Court will first address Smith's Motion to Transfer Venue of this case to the Eastern District of Texas. Plaintiff's Motion to Transfer Venue (Clerk's Doc. No. 7). The Court **RECOMMENDS** that the District Court **DENY** the motion to transfer venue under 28 U.S.C. § 1391. Smith's claims are not based on diversity of citizenship, but arise under the Constitution and laws of the United States, specifically the Americans with Disabilities Act 42 U.S.C. § 12102 *et seq.* ("ADA") and the Civil Rights Act of 1964, 42 U.S.C. § 1983. According to 28 U.S.C. § 1391(b), Smith's claims may only be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). All parties in this case are residents of the Western District of Texas

and the events that give rise to Smith's claims occurred solely in the Western District of Texas. There is no reason, according to § 1391, to allow a transfer of venue to the Eastern District of Texas for this case. Accordingly, Smith's Motion to Transfer Venue is unsupported by law and should be denied.

**B.    The Court recommends that Smith's claims under the ADA and § 1983 be dismissed for failure to state a claim.**

Smith filed the current lawsuit against Bastrop Medical Clinic, P.A., Augustin R. Batlle, M.D., and Sarah Chavez, MSN ("Defendants"). Smith alleges, like in previous suits, that the Defendants discriminated against him because of his disability (paralysis, neuropathy, frozen shoulder, carpal tunnel syndrome) and his race (African-American).[1] Smith invokes this Court's authority under the ADA. Smith also alleges that the Defendants violated his constitutional rights, and appears to have asserted a claim under the Civil Rights Act of 1964, 42 U.S.C. § 1983.[2] These allegations stem from a specific instance when the Defendants failed to issue Smith a prescription for Hydrocodone. Smith states that the Defendants: (1) failed to respond to a faxed prescription request for a refill of Hydrocodone; (2) refused to fill the prescription because Smith is black; (3) refused to fill the prescription because they erroneously believe Smith is an addict or illegally selling the medication; and (4) lied to Smith about their policies regarding pain medications. While

---

[1]Smith also alleges that the Defendants committed medical malpractice when they refused to fill a prescription for Hydrocodone. This Court has no original jurisdiction over a state tort claim and because the Court recommends that the federal claims be dismissed, the Court recommends that the District Judge decline to exercise supplemental jurisdiction for the medical malpractice claim under 28 U.S.C. § 1367(c)(3).

[2]Smith has alleged that the Defendants have violated his First, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendment rights. It is difficult to ascertain the exact basis of Smith's allegations as he lists these Amendments in nearly every complaint. The inclusion of a complaint based on the Third Amendment (prohibiting the quatering of soldiers in citizens' homes) indicates to this Court that Smith is engaging in frivolous shotgun litigation.

Smith seems genuinely frustrated by the Defendants' refusal to prescribe pain medication, the allegations are not accompanied by sufficient facts to support viable claims under either the ADA or § 1983.

Smith's § 1983 claims fail as a matter of law because the Defendants are not state actors. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 467 U.S. 42, 48 (1988). Under the alleged facts, a private party can be held to be a state actor under two circumstances: (1) where there is a sufficiently close nexus between the state and the challenged action of the private party so that the action of the party may be fairly treated as that of the state itself; and (2) where the private party has exercised powers that are "traditionally the exclusive province of the state." *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989).

The Defendants in this case are private parties and not state actors. While the Defendants are subject to federal regulation and receive a portion of their funds from medicare and medicaid, those facts are insufficient to make the Defendants state actors. *Wheat v. Mass*, 994 F.2d 273, 275–76 (5th Cir. 1993). "The courts . . . have uniformly dismissed claims of state action grounded merely on governmental funding and regulation where neither has fostered the challenged activities of private health care facilities." *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1349 (5th Cir. 1985). Finally, healthcare is not "traditionally the exclusive province of the state," but a private activity. Because none of the Defendants in this case are state actors, Smith's claims under § 1983 are without merit and should be dismissed.

Smith's claims under the ADA also fail as a matter of law. Smith alleges that he was denied the services of a public entity under Title II of the ADA, specifically 42 U.S.C. § 12132. Title II of

the ADA applies only to public entities such as State and local governments, or a department, agency, or instrumentality of those governments. 42 U.S.C. § 12131. None of the Defendants in this suit are a public entity; therefore, Smith's claim under Title II of the ADA is without merit and should be dismissed.

Construing Smith's claim liberally, it is possible that he intended to make an ADA claim under Title III, 42 U.S.C. § 12181 *et. seq.*, which applies to public accommodations, including the "professional office of a health care provider." 42 U.S.C. § 12181(7)(f). Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any public accommodation by any person who owns, leases, (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12181(a). To state a *prima facie* claim under Title III of the ADA, a plaintiff must show: (1) that he is disabled as defined by the ADA, 42 U.S.C. § 12102(2); (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) that the defendant discriminated against the plaintiff because of the plaintiff's disability. 42 U.S.C. § 12182(a); *Griffin v. Pub. Access Cmty. Television*, No. A-10-CA-602-SS, 2010 WL 3815797, at *1 (W.D. Tex. Sep. 27, 2010).

Although Smith mentions in his Complaint that he is paralyzed, has neuropathy, frozen shoulder, and carpal tunnel syndrome, he fails to state which disability is the basis of his claim under the ADA or how the Defendants discriminated against him *because* of that disability. Instead, Smith merely states that he is disabled and was, at some point, denied service. Smith expects the Court to deduce from those facts that he was a victim of discrimination. This the Court will not do. Smith has failed to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. In addition, Smith has submitted a letter from Dr. Batlle that confirms his refusal to fill a prescription

for Hydrocodone was not based on Smith's disability. Plaintiff's Motion to Transfer Venue, at 8 (Clerk's Doc. No. 7). Instead, the letter confirms that Smith was refused service because he violated a medication contract by insisting that he receive opiate pain medication. *Id.* The Court is not aware of any remedy available to Smith in a federal court based on a dispute over a medication contract. Accordingly, Smith's claim under Title III of the ADA should be dismissed.

Based upon the foregoing, the Court recommends that the District Court dismiss Smith's Complaint under § 1915(e)(2)(B). Plaintiff's Request for Appointment of Counsel (Clerk's Doc. No. 2) is HEREBY DENIED because Smith's Complaint fails to state a viable claim.

## III. RECOMMENDATION

The Magistrate Judge **RECOMMENDS** that Plaintiff Edward DeShan Smith's Complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B). It is further **RECOMMENDED** that the District Court include within its judgment a provision specifically reminding Smith that he remains under an order barring him from filing any lawsuits in this Court without first obtaining permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of August, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE